IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Wenzhou Duoliang International Trade Co., Ltd., <br><br> Plaintiff, <br><br> v. <br><br> Colgate-Palmolive Company, <br><br> Defendants. | Civil Action No.: 1:25-cv-4225 <br><br> **JURY TRIAL DEMAND** |

**COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff Wenzhou Duoliang International Trade Co., Ltd. ("Plaintiff") brings this complaint against Colgate-Palmolive Company ("Defendant") and alleges as follows:

**NATURE OF THE ACTION**

1. This is an action for declaratory judgment of non-infringement and invalidity arising under the patent laws of the United States, 35 U.S.C. § 100 *et seq.* and the United States Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2. Plaintiff brings this action to obtain declaratory relief in light of Defendant's infringement accusations concerning U.S. Patent No. 8,734,042 ("the '042 Patent").

3. Plaintiff and Defendant both sell products through Amazon.com. Defendant recently filed complaints with Amazon against Plaintiff, alleging that Plaintiff's oral care toothbrush products ("Non-Infringing Product") infringe on '042 Patent. A true and correct copy of the '042 Patent is attached hereto as Exhibit A.

1

4. On February 12, 2025, Plaintiff received a notice regarding the first complaint. A true and correct copy of the February 12, 2025, complaint is attached hereto as Exhibit B.

5. On February 12, 2025, Plaintiff received a different notice regarding the same complaint. A true and correct copy of the notice dated February 12, 2025, is attached hereto as Exhibit C.

6. On May 13, 2025, Plaintiff received three notices regarding the second complaint. A true and correct copy of the notices dated May 13, 2025, are attached hereto as Exhibit D.

7. Under Amazon's intellectual property enforcement policy, product listings are removed if a rights holder submits a complaint alleging infringement and the accused seller cannot resolve the claim directly with the complainant—in this case, the Defendant. The parties have been unable to reach a resolution. Plaintiff has also declined to participate in Amazon's APEX program, as it does not adjudicate issues of patent invalidity and is limited solely to determining questions of infringement.

8. An actual justiciable controversy exists between Plaintiff and Defendant that warrants the issuance of a judgment declaring that Plaintiff, by its manufacture, use, offer for sale, sale, and/or import of its Non-Infringing Product has not infringed, or otherwise violated the patent or other intellectual property rights, of Defendant under U.S. or applicable state law.

9. An actual justiciable controversy exists between Plaintiff and Defendant that warrants the issuance of a judgment declaring that Defendant's patent is invalid.

10. Defendant's intended assertion of claims of patent infringement based on Plaintiff products has threatened Plaintiff's business, and has created a present, genuine, and justiciable controversy between Plaintiff and Defendant.

11. For these reasons, and as alleged more particularly herein, Plaintiff brings this action for a declaratory judgment, pursuant to 28 U.S.C. §§ 2201 and 2202, to declare that Plaintiff does not infringe the Defendant's patent.

## THE PARTIES

12. Plaintiff, Wenzhou Duoliang International Trade Co., Ltd. is a private Chinese company.

13. Upon information and belief, Defendant is a New York corporation, with its registered office address and principal place of business being 300 Park Ave, New York, NY 10022.

14. Upon information and belief, and based on contentions by Defendant in its complaint filed with Amazon, Defendant claims to own the '042 Patent by assignment.

## JURISDICTION AND VENUE

15. This Court has subject jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. Plaintiff is a Chinese company with a principal place of business in China, and Defendant, on information and belief, is a New York corporation with a principal place of business in New York. The diversity of citizenship between the parties and Defendant having their principal place of business in the Southern District of New York establish proper jurisdiction in this Court.

16. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the patent laws of the United States, and under 28 U.S.C. § 1338(a), which provides exclusive jurisdiction over patent-related claims. Declaratory relief is sought under 28 U.S.C. §§ 2201 and 2202 to resolve an actual controversy concerning alleged infringement and the validity of the '042 Patent.

17. The Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) over any related state law claims that form part of the same case or controversy as the federal patent claims.

18. This Court has personal jurisdiction over Defendant because it is headquartered in this District and conducts substantial business here. Venue is proper under 28 U.S.C. § 1391(b) and, to the extent applicable, 28 U.S.C. § 1400(b), because Defendant resides in this District and a substantial part of the events giving rise to the claims occurred here.

## FACTUAL BACKGROUND

19. On May 27, 2014, the United States Patent and Trademark Office issued the '042 Patent.

20. Defendant purports to own the right, title, and interest in the '042 Patent by assignment, including the right to license, sell, and enforce the '042 Patent.

21. On or about February 12, 2025, and May 13, 2025, Defendant reported Plaintiff to Amazon.com to initiate an e-commerce patent enforcement action against Plaintiff in order to terminate Plaintiff's commercial activities in the Amazon marketplace, which accounts for a significant portion of Plaintiff's business.

22. On or around February 12, 2025 and May 13, 2025, in response to Defendant's Amazon Complaints, the Amazon marketplace notified Plaintiff that its Non-Infringing Products would be removed under the pretext that the ASINs in question may infringe the '042 Patent, if Plaintiff is unable to resolve the claim directly with Defendant, if Defendant chooses not to participate in Amazon's APEX program, or if Defendant does not challenge the infringement claim in court.

23. Specifically, unless a declaratory judgment complaint is filed and a court order granting relief sought herein, the Amazon marketplace intends to remove Plaintiff's Non-Infringing Products consisting of the following ASINs: B0D1K22GLN, B0D6ZBGBPW, B0D2W67F73, B0D72WZ667, B0D1K2D9KX, B0D6LDB2XT, B0D1K2JPXF, B0D72CJTGC, B0D6LFCZM1, B0D3YH442R, B0D3YFZ9YK, B0D3YGZXM7, B0D3YF6RX2, B0D6LDL4QT, B0D8ZHWP1Q, B0D6KWX2NW, B0D7HXSBNT and B0D7LMVS1C under the pretext that the ASINs may infringe the '042 Patent.

24. Defendant's course of conduct is not warranted under law, has anticompetitive effects on the market, and restrains Plaintiff's ability to compete fairly.

25. Plaintiff has at all times acted in good faith with respect to Defendant's alleged patent rights. Plaintiff's Non-Infringing Products do not infringe the '042 Patent because none of the Non-Infringing Products possess all the elements and limitations of any claim of the '042 Patent.

## COUNT I
## DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT (U.S. PATENT NO. 8,734,042)

26. Plaintiff hereby incorporates by reference the allegations set forth in Paragraphs 1 through 25 as though fully restated herein.

27. Defendant has asserted that Plaintiff's Non-Infringing Products infringe one or more claims of the '042 Patent; however, that contention is without merit.

28. Accordingly, Plaintiff seeks a declaratory judgment and corresponding court order that its Non-Infringing Products—including, but not limited to, those identified by ASINs B0D1K22GLN, B0D6ZBGBPW, B0D2W67F73, B0D72WZ667, B0D1K2D9KX, B0D6LDB2XT, B0D1K2JPXF, B0D72CJTGC, B0D6LFCZM1, B0D3YH442R, B0D3YFZ9YK,

B0D3YGZXM7, B0D3YF6RX2, B0D6LDL4QT, B0D8ZHWP1Q, B0D6KWX2NW, B0D7HXSBNT, and B0D7LMVS1C—do not infringe any claim of the '042 Patent.

29. Plaintiff avers that it does not infringe any valid and enforceable claim of the '042 patent, either directly or indirectly, literally or under the doctrine of equivalents, via Plaintiff's manufacture, use, offer for sale, sale, and/or import of the Non-Infringing Products.

30. Plaintiff avers that the infringement allegations fail to demonstrate that Plaintiff's products incorporate each and every element of any claim of the '042 Patent. Specifically:

(a) The '042 Patent expressly requires a heating-based activation mechanism, whereas Plaintiff's products are designed to dissolve in water without the application of heat. This constitutes a fundamental and material distinction in the underlying technology.

(b) The core functionality of Plaintiff's products relies on exposure to moisture, whereas the patented invention is explicitly directed to heat-induced expansion. This clear divergence in operational principles precludes any finding of literal infringement or infringement under the doctrine of equivalents.

(c) Plaintiff's products do not incorporate the thermally reactive material composition claimed in the '042 Patent. This further substantiates the non-infringing nature of Plaintiff's products.

31. Plaintiff avers that it has never manufactured, used, offered for sale, sold, or imported any products or services that infringe any valid and enforceable claim of the '042 patent.

32. By way of example and without limitation, Plaintiff avers that it does not perform, either alone or in concert with others, all of the steps recited in the claims of the '042 Patent, as required to establish direct infringement.

33. There exists a present, genuine, and justiciable controversy between Plaintiff and Defendant warranting issuance of a declaration by the Court that no valid and enforceable claim of the '042 patent has been infringed, directly or indirectly, literally or under the doctrine of equivalents, by Plaintiff or its customers, including through their manufacture, use, offer for sale, sale, and/or import of the Plaintiff's Non-Infringing Products.

34. Defendant's allegations of infringement lack merit and have been asserted in a manner that renders this case exceptional under 35 U.S.C. § 285, thereby warranting an award of Plaintiff's reasonable attorneys' fees.

## COUNT II
## DECLARATORY JUDGMENT OF INVALIDITY OF THE '042 PATENT

35. Plaintiff hereby incorporates by reference the allegations set forth in Paragraphs 1 through 34 as though fully restated herein.

36. Defendant has contended that at least one claim of the '042 Patent is valid, enforceable, and infringed by making, using, offering to sell, selling, and/or importing Plaintiff's Accused Products.

37. The claims of the '042 Patent are invalid for failure to comply with one or more requirements of 35 U.S.C. §§ 101, 102, 103, 112, and/or the doctrine of non-statutory double patenting.

38. The claims of the '042 Patent are anticipated and/or obvious in view of the prior art of record in the public prosecution history of the '042 Patent as well as other prior art not considered by the Patent Office before allowing the claims of the '042 Patent.

39. There exists a present, genuine, and justiciable controversy between Plaintiff and Defendant warranting issuance of a declaration by the Court that one or more of the claims of the '042 patent are invalid.

## CONCLUSION

**WHEREFORE,** Plaintiff respectfully requests that the Court enter judgment in its favor and grant the following relief:

a. A declaratory judgment that Plaintiff does not infringe any claim of U.S. Patent No. 8,734,042 and that all claims of the '042 Patent are invalid;

b. A preliminary and permanent injunction enjoining Defendant and its officers, agents, affiliates, and those acting in concert with them from asserting the '042 Patent against Plaintiff, and requiring Defendant to provide notice of such injunction to all enjoined parties;

c. A finding that this case is exceptional under 35 U.S.C. § 285 and an award of Plaintiff's reasonable attorneys' fees and costs;

d. An award of pre-judgment interest on all sums awarded; and such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

Dated: May 20, 2025

Respectfully submitted,

 /s/Alexander Warden, Esq.
Alexander Warden
awardedn@aplg.us
Atlantic Partners Law Group, LLC
2825 Third Ave.
Bronx, NY 10455
(347) 420-0279
*Attorney for Plaintiff, Wenzhou Duoliang International Trade Co., Ltd.*

8